### 44054. RICHARDSON v. THE STATE.
(353 SE2d 342)

WELTNER, Justice.

Jerry John Richardson was found guilty of incest and two counts of sodomy. He was sentenced to serve a term in the penitentiary. The evidence shows that Richardson first began having sexual relations with his step-daughter when she was about twelve years of age. He continued having sexual relations with her until she was in her seventeenth year. Although the step-daughter found Richardson's sexual advances offensive, she did not report them to her mother because Richardson told his step-daughter that if her mother found out about their relationship she would "kick" both of them out of the house and that her mother would not like her anymore.

1. Richardson asserts that he had a constitutionally protected right of privacy and a right of "intimate association," which, when applied to him under the circumstances of this case, render Georgia's incest statute (OCGA § 16-6-22) and sodomy statute (OCGA § 16-6-2) unconstitutional. While Richardson's attack on these statutes may not have been made with precision, we nevertheless will address them.

2. Richardson's step-daughter was seventeen years of age at the time of his indictment, but he began what became a pattern of sexual exploitation when she was about twelve years old. It was precisely because of Richardson's position of authority as the step-father of a child about twelve years old that he was able to begin the sexual exploitation and to continue it. He guaranteed her silence with threats that she would be "kicked" out of the house and that her mother would no longer like her if the mother found out.

Over one hundred years ago this court observed: "[Incest] . . . as experience shows, is generally the act of a man upon a woman, over

whom, by the natural ties of kindred, he has almost complete control, and generally he alone is to blame. There is a *force* used, which, while it cannot be said to be that violence which constitutes rape, is yet of a character that is almost as overpowering." *Powers v. State*, 44 Ga. 209, 214 (1871). Without doubt family life and the husband and wife relationship have undergone many changes since 1871, but the opportunity for a father or step-father to exert the "force" described in *Powers*, supra, to overpower the resistance of a daughter of twelve years still exists. Sexual acts directed to children are, in law, forcible and against the will. See *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1987). The pattern of sexual exploitation presented in this case was also, as a matter of law, forcible and against the will, because of the step-daughter's age at onset, and because of her familial relationship with Richardson. The assertion that consensual sexual activity is protected by a right of privacy is inapplicable here, where no consent was possible.

3. Richardson asserts there was a fatal variance between Count 1 of the indictment and the proof at trial. The indictment named the victim and identified her as Richardson's daughter, whereas the evidence showed that she was Richardson's step-daughter. OCGA § 16-6-22, one of the statutes that Richardson was accused of violating, makes it a criminal offense for a father to have sexual intercourse with a daughter *or* a step-daughter. There is no merit in this contention. *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969).

4. Richardson's former wife was asked the date on which she and Richardson had separated. She responded, "Well, on October 31st of that year was when he pulled a gun on me . . . ." Richardson objected to this response on the grounds of relevancy. On appeal, he contends that the trial counsel should have objected on the grounds that the statement placed his character in issue improperly, and should have moved for a curative instruction to the jury or for a mistrial. This contention was not raised at trial and was not preserved for appeal. He also contends that the trial court should have given the curative instruction *sua sponte*. If the admission of the statement without curative instructions to the jury were error, it was harmless error under *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

5. Richardson alleges that testimony by the investigator for the Department of Family and Children Services as to statements made to him by the step-daughter was inadmissible hearsay. "We stated in *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), we extended the *Gibbons* rule to prior consistent statements. In *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985), we stated that inquiry as to impermissible

bolstering no longer is necessary following *Cuzzort*, supra." *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431) (1986). There was no error.

6. Richardson contends that the trial court erred in failing to charge the provisions of OCGA § 24-3-53, that admissions be scanned with care. The transcript discloses that Richardson did not request the charge and did not object to its omission when the trial court asked for objections to the charges. "By not excepting to the . . . charges in response to the trial court's inquiry, and by failing to reserve the right later to object, [Richardson] waived his right to assert such errors on appeal." *Cameron v. State*, 256 Ga. 225 (2) (345 SE2d 575) (1986). We have noted previously that a failure to charge the language of this code section where there has been an admission, but not a "confession" was not error. *Houston v. State*, 253 Ga. 696 (324 SE2d 183) (1985).

7. Richardson asks this court to overrule our holding in *Baker v. State*, 245 Ga. 657, 665 (266 SE2d 477) (1980), that a conviction for incest may be based on the uncorroborated testimony of the prosecuting witness if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. We have considered Richardson's arguments on this point and decline so to do. See *Motes v. State*, 161 Ga. App. 173 (288 SE2d 256) (1982).

8. Shortly after his trial, Richardson's newly-engaged lawyer filed a motion for new trial, which was denied. In this appeal Richardson raises for the first time the contention that he was denied effective assistance of counsel because of the conduct of his trial attorney. Following the procedure announced in *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), this case is remanded to the trial court for a hearing and appropriate findings with respect to the claim of ineffective assistance of trial counsel, and for a reconsideration of the general grounds only of Richardson's motion for new trial. Remand is necessitated because no trial transcript was available to new counsel on the earlier hearing on the new trial motion.

*Judgment affirmed and case remanded. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED MARCH 4, 1987.

*Willis & Quinn, William G. Quinn III*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.