## 74267. HILL v. THE STATE.
### (359 SE2d 190)

BEASLEY, Judge.

1. In appealing from his conviction for rape, OCGA § 16-6-1, appellant contends that the trial court erred by admitting evidence concerning an earlier incident because it was not sufficiently similar, it was not connected but instead too remote in time, and its prejudicial effect outweighed its probative value with respect to the issues in the case.

" ' "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the (accused) was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" [Cit.]' [Cit.]" *Burks v. State*, 174 Ga. App. 304, 305 (2) (329 SE2d 590) (1985). See also *Rich v. State*, 254 Ga. 11, 13 (1) (325 SE2d 761) (1985). Included here are the concepts that the evidence must be relevant to an issue in the case and that its probative value outweighs its prejudicial effect. See *Walraven v. State*, 250 Ga. 401, 407 (4b) (297 SE2d 278) (1982); *Hicks v. State*, 232 Ga. 393, 397 (207 SE2d 30) (1974); *Tuzman v. State*, 145 Ga. App. 761, 762 (1A) (244 SE2d 882) (1978).[1] Otherwise there is a violation of OCGA § 24-2-2 and/or OCGA § 24-9-20.

Appellant concedes that the first prong of the test was met, that there is no question that he was the person convicted of the prior sex offense. He maintains, however, that the second requirement was not met because there were insufficient similarities between the prior and present offenses and an insufficient logical connection between the

[1] See also this writer's dissent in *Hunter v. State*, 177 Ga. App. 326, 327 (339 SE2d 381) (1985).

two so that, on both bases, proof of the former did not tend to prove the latter, other than by showing bad character. The lack of a logical connection is premised primarily on the remoteness of the eleven-year-old offense.

The evidence in the case, construed so as to uphold the verdict, *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33) (1983), showed the following: The victim first encountered Hill when she went to a store in downtown Atlanta to pay a bill. Hill was a security guard at the shop and was there in uniform when he approached the victim. He engaged her in conversation and offered to help her obtain employment with the company for which he worked. He offered to let someone cover for him so he could escort the woman to the company office. The victim went to a phone booth to call the company to check if indeed there were employment opportunities available and was told the company was hiring. The woman then traveled by train and bus with Hill to go to the security company. After getting off the bus they walked by many business places but Hill stopped by a duplex apartment. While the woman waited on the corner, after being told by Hill that he would call someone at the company to administer an employment test to her, Hill went into the duplex, left the door wide open and in full view of the woman picked up the phone as if making the call. He then motioned for the woman to come into the duplex to speak on the phone. When she went to pick up the phone, Hill "slung" it out of her hand, slammed the door, grabbed her around the neck and put a knife up to her chin. The woman tried to free herself, but Hill cursed at her and told her that if she screamed or said a word he would kill her. While still holding the knife at her chin, he dragged the victim into what looked like a child's bedroom. The victim offered him her money and started to cry but Hill said he did not want her money, that he wanted her and that she "looked like a young and clean woman" that was "saved." Hill then dragged the woman to the floor, got on top of her, pulled down her underclothes, and forcibly had sexual intercourse with her. He gave her a towel and a bandage to put on her chin, which was bleeding from a cut inflicted by his knife, and then escorted her to a bus stop.

The prior incident in question was Hill's 1975 conviction on a guilty plea in Alabama for "carnal knowledge" of his then nine-year-old cousin. Both the cousin and her mother, Hill's aunt, testified about the incident. The cousin said that when she was nine, Hill broke into her home, with which he was familiar, where she and her brothers and sister were sleeping (her mother was out) and pulled her down the stairs into the living room. Hill began beating and choking her and saying that if she screamed he would kill her; Hill had a knife. He pulled the girl's panties off and then forcibly had sexual intercourse with her. The child "blanked out" from Hill's beating and

sustained a cut near the vagina.

The mother testified that when she got home, the daughter came to her, and the mother asked her what happened since the child appeared to be swollen, beaten, and bruised around the neck. The child told her "Jerry got me." A few minutes later, Jerry Hill came out from the children's bedroom still holding the knife. The mother took the knife from him and called the police.

" ' "The exception to the general rule that evidence of independent crimes is inadmissible has been more liberally extended in the area of sexual offenses." [Cits.]' " *Harriman v. State*, 170 Ga. App. 715, 716 (2) (318 SE2d 182) (1984); see also *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985). In such cases, the similar act "is admissible to show lustful disposition and to corroborate the testimony of the victim as to the acts charged." *Jones v. State*, 172 Ga. App. 347, 348 (2) (323 SE2d 174) (1984).

Here, in both instances, the sexual assault was within a dwelling with which Hill was familiar and where he was in control of the environment, and it was on a female whose confidence he was able to gain. The victim's age or Hill's perception of it was also a common factor. In the first case, the rape was on a girl and the second attack was on a woman whom Hill considered young. In both cases Hill held a knife on the victim, told her not to scream or he would kill her, pulled off her underclothes and then got on top of the victim and had forcible vaginal intercourse.

We hold that the prior crime was sufficiently similar so that it was not inadmissible as a matter of law. The eleven-year lapse of time between the prior offense and the one on trial would not itself render evidence of the prior offense inadmissible. It is *one* of the more important factors in considering admissibility. Once it crosses that threshold, it thereafter affects the weight and credibility of the testimony. *Cooper v. State*, supra at 255 (1). See also *Rich v. State*, supra at 14 (1); *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975). Cf. *Johnson v. State*, 151 Ga. App. 887, 888 (6) and (7) (262 SE2d 201) (1979).

2. Appellant also maintains that the court erred in refusing to charge the jury that adultery, OCGA § 16-6-19, was a lesser included offense of rape, OCGA § 16-6-1. He argues that inasmuch as he admitted having sexual intercourse with the prosecutrix, contending that the act was consensual, and that inasmuch as he was married at the time, adultery was a lesser included offense as a matter of fact.

Contrary to appellant's contention, "[a]dultery is not included in the offense of rape. A crime is included when 'it is established by proof of the same or less than all the facts . . .' [Cit.]. In order to prove adultery, the additional fact of marriage must be shown. Since adultery is not an included offense, it was not error for the court to

refuse to give the requested charge." *Lamar v. State*, 243 Ga. 401, 403 (5) (254 SE2d 353) (1979).

Moreover, the court's refusal to charge the jury on the crime of adultery could not have harmed the defendant, for if the jury had believed that the act was consensual, under the court's charge it was required to acquit. This it did not do.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 22, 1987.

*J. Russell Mayer*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney*, for appellee.