## 46520. MAGGARD v. THE STATE.
(380 SE2d 259)

CLARKE, Presiding Justice.

Jimmy Ray Maggard makes three enumerations of error in this appeal of his conviction for murder.[1] He argues (1) that the confessions should have been suppressed as fruit of an illegal arrest; (2) that the evidence regarding his conviction for manslaughter in Tennessee should not have been admitted as a "similar crime"; and (3) that the evidence was insufficient to prove malice murder. We find no error in the proceedings below and affirm the conviction.

1. Maggard contends the trial court erred in refusing to suppress his statement arguing that he made the statement while under an illegal arrest and that the statement was not free and voluntary. Looking first at the question of the arrest, we review pertinent testimony relating events leading to the arrest.

Chief Deputy Sheriff Malleuf testified that Sgt. Jacks had seen a car apparently abandoned in a grassy area leading down a short embankment near the driveway to the Floyd County jail. Later when

---

[1] The crime occurred on January 4, 1982. Appellant was indicted on February 26, 1987. He was convicted of murder on October 19, 1987 and sentenced to life imprisonment the same day. Appellant filed a motion for new trial on November 19, 1987; the motion was denied on September 26, 1988. The notice of appeal was filed October 24, 1988. The case was docketed in this court December 20, 1988. The case was submitted for decision without oral argument on February 3, 1989.

Sgt. Jacks saw the car with the interior lights on, he radioed the Chief Deputy saying, "Somebody's in that car." The Chief Deputy further testified that when he arrived, Sgt. Jacks was going down toward a high grassy area with his hand on his gun and that Maggard came out of the tall grass with his hands up.

The officers searched Maggard, and after carrying him into the jail, another officer searched some travel bags in Maggard's possession finding a billfold containing another person's identification. Maggard claimed the billfold belonged to a friend of his. Later investigation revealed it belonged to Maggard's employer who was also the owner of the automobile.

The officers placed Maggard under arrest for illegal entering of an automobile and gave him *Miranda* warnings. The record implies that the discovery of the identity of the owner of the automobile and billfold occurred after the arrest was made.

Within some thirty or forty minutes, the Chief Deputy interviewed Maggard who told him of the murder in Whitfield County as well as other murders he had committed.

Whether the arrest lacked probable cause so as to render inadmissible the statement given forms the issue here. In summary, the facts known by the officers at the time of the arrest were these. A car had stopped in an unusual location with no interior lights on. Later the interior lights of the car were on. Upon investigation, an officer found the defendant in tall grass near the car in possession of bags containing among other things identification belonging to a person other than the defendant.

The state bears the burden of demonstrating the admissibility of the confession. *State v. Harris*, 256 Ga. 24 (343 SE2d 483) (1986). Admissibility may be proven by a preponderance of the evidence. *High v. State*, 233 Ga. 153 (210 SE2d 673) (1974); *Lego v. Twomey*, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972). Applying the admittedly scanty facts to the test of whether they are sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense, *Durden v. State*, 250 Ga. 325 (297 SE2d 237) (1982), we hold that the trial court's determination was not clearly erroneous and that the confession was properly admitted into evidence.

Additionally, the trial court's conclusion that Maggard made his statement freely and voluntarily is not clearly erroneous and must therefore be accepted by this court. *Mullinax v. State*, 255 Ga. 442 (339 SE2d 704) (1986).

2. Next, Maggard contends that it was improper to admit the "similar crime" evidence regarding his Tennessee manslaughter conviction. He argues that the two crimes are not sufficiently similar to warrant the admission of an unrelated homicide.

The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983). Thus, the requisite similarity between the two incidents depends on the purpose for which the evidence is being presented. If, for example, the evidence is being presented to prove the *identity* of the perpetrator of the offense charged, a long list of similarities between or among the crimes might be necessary to show that the crime on trial bears the defendant's "criminal signature." In this case, the question of identity is not in issue since the defendant has admitted the act. That then leads to the proposition that the admissibility rests on the question of whether the evidence tends to prove intent or lack of mistake. Although the two crimes differ in some respects, we find that the similarities are sufficient for the purpose of tending to prove intent or lack of mistake.

3. Finally, Maggard asserts that the evidence was not sufficient to support the verdict. The evidence showed that Maggard confessed to strangling a woman and dumping her in a ditch near a waste disposal plant. Coroner's and police reports that corroborated the details of the confession were also introduced. We conclude that this evidence is sufficient to support the conclusion that Maggard is guilty beyond a reasonable doubt of the crime of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1989.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf*, for appellee.