A89A1868. DANIEL v. THE STATE.
(391 SE2d 128)

BIRDSONG, Judge.

Appellant, Melvin Russell Daniel, appeals his judgment of conviction for aggravated sodomy, his sentence, and the denial of his motion for new trial.

Appellant was convicted of the aggravated anal sodomy of his niece who, on the date of the incident, was either eleven or twelve years of age. The trial court allowed, over objection, the introduction of evidence of similar transactions between appellant and the victim and between appellant and his daughter. Appellant has asserted three enumerations of error. *Held*:

1. Appellant asserts that the trial court erred in allowing evidence of similar transactions to be introduced in evidence. We disagree. The

evidence introduced meets the two-prong test of *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270); accord *Gladson v. State*, 253 Ga. 489 (2) (322 SE2d 45). Moreover, balancing the probative value of the evidence against any potentially prejudicial impact it might possess, we find that the potential for prejudice did not outweigh its probative value. *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455). "The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller*, supra at 820 (2). Moreover, "the requisite similarity between the two incidents depends on the purpose for which the evidence is being presented." *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259). Generally, when similar transactions are being introduced to prove such issues as bent of mind, motive, intent or lack of mistake, less similarity need be shown than when identity is sought to be proved thereby. See *Maggard*, supra. Moreover, this evidence was introduced for a limited purpose; and, the trial court gave appropriate limiting instructions both before the evidence was introduced and in its closing charge. Accordingly, no error appears. *Terry v. State*, 259 Ga. 165, 169 (1) (377 SE2d 837).

2. Appellant asserts that the trial court erred in denying appellant's motion for directed verdict.

"[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311).

Appellant asserts that in prosecuting the aggravated sodomy offense the State utterly failed to prove that actual force was used against the victim. We disagree. Force may be proved by direct or circumstantial evidence. The record shows that appellant had engaged in repetitive acts of sexual misconduct against the victim, that previously he had uttered a veiled threat to the victim that "your dad would kill *us* if he knew," or words to that effect, and that the victim was afraid of him and scared. (Emphasis supplied.) The victim testified that as she was growing up the one person she trusted and "thought he really cared" was the appellant, but when she learned that what he was doing was "wrong" she became scared. The record also affirmatively reflects that concurrently with the commission of the criminal act, appellant "kept trying to turn [her] over." In addition the record affirmatively reflects that although the victim could not observe whether actual penetration of her rectum occurred, "the next day [she] was *real* sore." (Emphasis supplied.) We are satisfied that from this circumstantial evidence the court clearly could infer that appellant had applied actual force, both by physical means and by mental coercion and intimidation, to the victim during the com-

mission of the criminal act. *Richardson v. State*, 256 Ga. 746 (2) (353 SE2d 342). Compare *Drake v. State*, 239 Ga. 232, 235 (2) (236 SE2d 748); *Curtis v. State*, 236 Ga. 362 (1) (223 SE2d 721), and *Houston v. State*, 189 Ga. App. 61 (375 SE2d 239).

Reviewing the transcript in a light most favorable to the jury's verdict, we find ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant asserts that the trial court erred in its charge to the jury concerning the issue of force. The court charged the jury of the effect of committing an act of sodomy with a person not capable of expressing an intelligent consent or dissent, and further instructed inter alia that it is necessary for the State to prove the defendant used force to commit the act of sodomy; that in cases of incapacity to consent, the element of force is automatically supplied by law; a child under the age of fourteen cannot consent to any sexual act; sexual acts directed to a child are in law forcible and against the will; and, "[t]he question of the *mentality of the alleged* victim is one for you, the jury to determine with all the facts and circumstances of this case." (Emphasis supplied.)

Examining the charges in their entirety, *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177), we find that although they might have been more carefully crafted the jury was neither misled nor confused, and that the charges in their entirety were not erroneous. Compare *Richardson*, supra at 747 (2); *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382); *McFall v. State*, 235 Ga. 105, 106 (218 SE2d 839) (cited as authority in *Cooper*); and *Carter v. State*, 122 Ga. App. 21 (1) (176 SE2d 238) (cited as authority in *Cooper*); see also OCGA §§ 16-6-3 (a); 16-6-4 (a); 16-6-5 (a); cf. *Houston v. State*, supra at 62 (1) (court would not be placed in "trepidation" by extending the *Cooper* holding to a girl of age fourteen sodomized by a seventeen-year-old male).

Moreover, the questioned charge when examined in toto clearly placed within the jury's hands the issue of the victim's mental capability to give an informed consent to the crime.

We further find *Drake v. State*, supra, to be distinguishable from the facts before us. *Drake* was a forcible rape case. The case sub judice involves the criminal act of forcible sodomy — an act historically recognized by the law as a so-called unnatural act or act against nature. See, e.g., *Carter*, supra at 22 (3); 81 CJS, Sodomy, §§ 1 & 2. Accordingly, we need not determine the extent to which *Drake* is still controlling in cases of rape in view of the Supreme Court's recent holding in *Richardson* and in *Cooper*. Suffice it to say that *Drake* was published in 1977, and that since that time medical science has confirmed that AIDS, a fatal disease, is often contracted by sexual trans-

mission, and that anal intercourse, in particular, places the recipient at "high risk," thus creating an entirely *new dimension to* the legal question of *intelligent or informed consent* to a sexual act *by a child.* Accordingly, we are satisfied that sexual acts of anal sodomy directed to a child of age eleven or twelve are, in law, both forcible and against the will. *Richardson,* supra at 747 (2); *Cooper,* supra at 631 (2); *Carter,* supra; cf. *Houston,* supra.

*Hines v. State,* 173 Ga. App. 657 (327 SE2d 786), being a two-judge decision, has value only as "physical precedent" and is not now binding on this court. Court of Appeals Rule 35 (b); *Cooper v. State,* 180 Ga. App. 37, 39 (348 SE2d 486). Moreover, the facts as to force in this case are different than those in *Hines* where there was no evidence of force.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1990.

Michael M. White, for appellant.

Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, for appellee.