A91A0392, A91A0393, A91A0983. HOLSEY et al. v. THE STATE.
(406 SE2d 127)

BANKE, Presiding Judge.

Howard Holsey was jointly indicted and tried with his brothers, Cedric and Paul Holsey, on charges of aggravated child molestation, child molestation, and statutory rape. The alleged victim was Howard Holsey's stepdaughter, Latrece, who was ten years old at the time of trial. All three defendants were found guilty on all three counts of the indictment, and each has filed a separate appeal to this court. *Held*:

1. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find each of the appellants guilty beyond a reasonable doubt of all three offenses. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants Howard and Cedric Holsey contend that the trial court erred in refusing to declare a mistrial in response to certain unresponsive comments made by the victim revealing that both of them had previously spent time in jail. The first such comment came following the child's testimony to the effect that her stepfather, Howard, had repeatedly engaged in sexual intercourse with her. The state's attorney asked her whether this conduct had been "going since you were in the second grade," and she responded as follows: "While I was in the second grade, he was in prison." Howard's counsel moved for a mistrial at this time, whereupon the trial court offered to give curative instructions, but the offer was declined. Subsequently, the state's attorney asked the victim: "When your stepfather was gone, did Cedric keep doing these things?" Referring to Cedric, she responded: "He went to jail — he went away." At this time, Cedric's attorney announced that he was making "that same motion" that Howard's attorney had made earlier, "for exactly the same reason." He indicated, however, that he saw no necessity for sending the jury out to discuss the motion, stating that he was assuming the motion was overruled.

" '[W]here counsel requests that no curative instruction be given to the jury, the trial court is not obliged to do so, and the denial of the motion for mistrial is generally not an abuse of discretion.' [Cit.]" *Conklin v. State*, 254 Ga. 558, 568 (331 SE2d 532) (1985). Accord *Bromley v. State*, 259 Ga. 377, 380 (380 SE2d 694) (1989). Given the

overwhelming evidence of guilt introduced by the state during the trial of this case, these unresponsive statements by the victim clearly did not, in any event, "rise to 'the level of prejudice that would demand a mistrial.' " *Hillman v. State*, 184 Ga. App. 712, 714 (362 SE2d 417) (1987).

3. Appellants Howard and Cedric Holsey contend that the court further erred in allowing the victim to testify without first making a determination that she was competent to do so. The trial took place after the effective date of OCGA § 24-9-5 (b) (Ga. L. 1989, p. 1639, § 1), which specifies, in pertinent part, that "in criminal cases involving child molestation, and in all other criminal cases in which a child was a victim of or a witness to any crime, any such child shall be competent to testify. . . ." Accordingly, the trial court was not required to make an express determination that the victim was competent before allowing her to testify. We reject the appellants' contention that this statute was inapplicable with respect to testimony concerning events which had already occurred prior to its effective date. The child was either competent to testify or she was not. "[W]here a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. [Cits.]" *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988).

4. Appellants Howard and Cedric Holsey contend that the trial court erred in refusing to allow them to cross-examine the victim as to whether she had engaged in sexual activity with persons other than them or had reported such activity, without first making a threshold determination that no reasonable probability existed that such prior reports were false. See generally *Shelton v. State*, 196 Ga. App. 163, 164 (4) (395 SE2d 618) (1990). However, the appellants did not suggest during the trial of this case that the victim had *falsely* accused other persons of engaging in sexual activity with her. Rather, it is evident that what they were attempting to prove through this line of questioning was that the victim had *in fact* engaged in sexual conduct with persons other than them. As such evidence had no relevance whatever to the issues being tried, it was properly excluded.

5. The trial court did not err in denying the appellants' request for additional jury strikes. "When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. . . . In the event two or more defendants are tried jointly, the court, upon request of the defendants, acting in its sole discretion, may allow an equal number of additional strikes to the defendants, not to exceed five each, as the court shall deem necessary, to the ends that justice may prevail." OCGA § 17-8-4. We have been offered no basis whatever for a conclusion that the trial court abused its discretion in refusing to allow additional strikes in this case. See *Ramsey v. State*,

165 Ga. App. 854, 855-856 (303 SE2d 32) (1983).

6. Appellants Howard and Cedric Holsey complain that the state's attorney made various improper comments during his closing argument. "When improper argument is made to the jury, it is necessary, in order to make the alleged error the basis for appeal, that opposing counsel, during the trial, properly object to the argument, invoke the ruling or instruction of the court, and if dissatisfied with the action taken to renew the objection and move for mistrial. [Cits.]" *Epps v. State*, 168 Ga. App. 79, 81 (4) (308 SE2d 234) (1983). Since this procedure was not followed by the appellants in response to any of the comments at issue, these enumerations of error present nothing for review.

7. Appellant Howard Holsey contends that the trial court erred in allowing one of the state's witnesses to offer opinion testimony to the effect that the victim had been sexually molested. He contends that such testimony was improper both because the witness lacked sufficient training and experience to qualify as an expert on the subject of sexually abused children and because her opinion went to the ultimate issue to be decided by the jury. With respect to the first of these contentions, the court was clearly authorized to conclude from the witness's testimony that she was qualified by training and experience to testify as an expert on the subject of sexually abused children. With respect to the second contention, the witness was not asked on direct examination whether she believed the child had been sexually abused, nor did she testify to that effect. Rather, she was asked whether the child exhibited behavioral characteristics consistent with those of a child who had been sexually abused. This was a permissible subject for expert opinion testimony. See *Landers v. State*, 194 Ga. App. 329 (390 SE2d 302) (1990). Compare *Coxwell v. State*, 195 Ga. App. 751 (3) (395 SE2d 38) (1990). Although the witness subsequently testified that she had never doubted the child's veracity, she did so only in direct response to a question propounded to her on cross-examination; and no objection was made to her testimony in this regard.

8. We have carefully reviewed appellant Howard Holsey's remaining two enumerations of error and have determined that they establish no ground for reversal of his conviction.

*Judgments affirmed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991.

*Waddell, Emerson, George & Buice, Hulane E. George*, for appellant (case no. A91A0392).

*Wayne Rogers*, for appellant (case no. A91A0393).

*Arthur L. Walker*, for appellant (case no. A91A0983).

*Joseph H. Briley, District Attorney, Al C. Martinez, Jr., Assistant District Attorney*, for appellee.