A91A1854. HARGROVE v. THE STATE.
(415 SE2d 708)

BEASLEY, Judge.

Following denial of his motion for new trial, Hargrove appeals his convictions for four counts of armed robbery, OCGA § 16-8-41 (a).

A police officer was advised by several people standing outside a cocktail lounge that a robbery was in progress inside. Upon pushing the door open, the officer was confronted by a group of people attempting at once to exit the premises. According to the officer, defendant attempted to push past him, mumbling that he "didn't know what was going on." However, the proprietor approached defendant from behind and hit him over the head, while telling the officer, "that's one of them." Defendant was restrained and arrested. A second perpetrator was detained by the crowd until backup police arrived, while a third man ran away.

The proprietor testified that defendant, whom he had known for

"a number of years," had come into the bar approximately 30-45 minutes prior to the incident asking to borrow ten dollars. The witness responded that he did not have the money at that time, but he told defendant to come back later and if he had taken in some cash he would give it to defendant then. He further testified that two men entered the bar at 7:00 p.m., one armed with a shotgun and the other with a revolver. They ordered the occupants to lie down on the floor, emptied their pockets of cash and collected their jewelry. They took money from the proprietor's pockets as well as from the cash register.

Defendant, who was wearing a ski mask, remained outside the door acting as a "lookout." He later entered the premises to alert the other two perpetrators of the arrival of the police. Defendant removed his ski mask and attempted to exit the bar. The proprietor warned the officer in the doorway to stop him because he was one of the perpetrators. The proprietor testified that he had "no doubt whatsoever" that defendant was the individual who had been wearing the ski mask and had alerted the others of the presence of the police. He could not recall whether defendant had been armed.

A second victim witness, who had also known defendant since he was a small child, testified that defendant was one of the three perpetrators, had acted as the "doorman," and had been armed with a pistol. A third victim witness corroborated the fact that defendant entered the bar when the police arrived to warn the others. Each victim testified to having been robbed at gunpoint of cash and/or jewelry.

Defendant and his two accomplices were jointly named in a 26-count indictment, in which he was charged with six counts of armed robbery (OCGA § 16-8-41 (a)), six counts of possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b) (1)), and one count of possession of a firearm by a convicted felon (OCGA § 16-11-131 (b)). He was also indicted as a recidivist under OCGA § 17-10-7. He was tried separately on four counts each of armed robbery and possession of a firearm during the commission of a crime and was convicted of the armed robberies.

1. The State served a "notice of intent to proffer evidence of similar transactions," in compliance with USCR 31.3. At the Uniform Rule 31.3 (B) hearing, the State informed the court that it intended to introduce evidence of defendant's convictions for three prior armed robberies of business establishments by use of a pistol, for the purpose of showing defendant's intent and bent of mind in entering the premises. Defendant responded that the prior offenses were dissimilar since the evidence in the present case would establish that defendant was not involved in the robbery but was merely present in the bar. He objected to its admissibility on the ground that there was not sufficient similarity between the independent offenses and the crime charged. The State provided certified copies of the prior convictions

and offered the testimony of a parole officer in explanation. However, defendant stated that he did not contest his participation in the prior crimes and waived the witness' testimony. See in this connection *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991); *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991).

Certified copies of the three convictions were admitted at the conclusion of the State's case-in-chief, at which time defendant unsuccessfully renewed his objection on the ground previously asserted. The court instructed the jury that the evidence was to be considered only to "illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate. . . ."

The independent crimes were sufficiently similar to the offenses charged so that proof of the former tended to establish intent or bent of mind to commit the crime for which defendant was on trial. See generally *Stephens*, supra at 469; *Chastain v. State*, 260 Ga. 789, 790 (400 SE2d 329) (1991).

"[T]he requisite similarity between the . . . incidents depends on the purpose for which the evidence is being presented. . . . In this case, . . . the admissibility rests on the question of whether the evidence tends to prove intent. . . ." *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). "Generally, when similar transactions are being introduced to prove such issues as bent of mind, motive [or] intent . . ., less similarity need be shown than when identity is sought to be proved thereby." *Daniel v. State*, 194 Ga. App. 495, 496 (391 SE2d 128) (1990). The evidence tended to eliminate the possibility that he was not a participant in the crime but merely a patron in the bar. See *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698) (1990); *Thomas v. State*, 239 Ga. 734 (5) (238 SE2d 888) (1977). The court gave appropriate limiting instructions, both when the evidence was introduced and again in its closing charge. As in *Maggard*, supra at 293, "we find that the similarities are sufficient for the purpose of tending to prove intent. . . ."

2. Defendant contends that the State violated the proscriptions of OCGA § 17-8-75 when the prosecutor attempted to restate, for clarification, a question posed by the jury during their deliberations. Assuming without deciding that defendant's objection was timely, the prosecutor's remarks did not constitute "statements of prejudicial matters which are not in evidence." OCGA § 17-8-75. Moreover, the jury's question and the prosecutor's attempt to restate it, related only to the charges for which defendant was ultimately acquitted (possession of a firearm). "If the challenged remark is not such as would be likely to prejudice the defendant's right to a fair trial, such will not constitute reversible error. [Cit.]" *Davis v. State*, 178 Ga. App. 357, 360 (343 SE2d 140) (1986).

3. Alleging certain inconsistencies in the testimony of the victim

witnesses, defendant contends that the trial court erred in denying his motion for a directed verdict of acquittal based on insufficiency of the evidence. "It is the function of the jury to determine the credibility of the witnesses. . . . The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict." *King v. State*, 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981). The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Judgment affirmed. *Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 17, 1992.

*Charles W. Bell*, for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney*, for appellee.