A92A1491. SMITH v. THE STATE.
(426 SE2d 23)

ANDREWS, Judge.

Smith was tried and convicted of aggravated sodomy arising out of his acts against his stepchild, and he appeals.

1. In his first enumeration of error, Smith contends that the trial court erred in allowing evidence of similar transactions. We disagree.

At trial, there was evidence that Smith forced his stepchild when she was approximately four or five years old to perform oral sex on him as punishment for sucking her thumb. The victim was ten at the time of trial. Smith contends that the trial court improperly allowed testimony regarding similar acts involving Smith's niece. Smith's

niece testified that in 1985 when she was 16 years old, she lived with Smith and his family for a short time. During this period, Smith on several occasions approached his niece in a sexual manner. At various times, he fondled her, kissed her, attempted to lie on top of her and attempted to take off her clothes.

We find that the evidence was properly admitted. See generally *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991); *Hargrove v. State*, 202 Ga. App. 854, 856 (415 SE2d 708) (1992). Although Smith claims in his enumeration of error that the prior transaction was introduced for an improper purpose, that there was not sufficient evidence of his identity regarding the prior incident, and that the other transaction was not sufficiently similar to the crime at issue in this case, the only argument which Smith pursues is that the acts were not sufficiently similar. He claims that because the prior sexual misconduct involved a sixteen-year-old niece and not a four-year-old stepdaughter the potential for prejudice outweighed its probative value. He further argues that because of the prior female's age, his conduct with regard to her was not unlawful and testimony regarding it should have been barred.

His arguments are without merit. See generally OCGA § 16-6-22 (a) (1), (6). Both acts were perpetrated on young females who resided in the same dwelling as Smith and over whom Smith exerted authority. In both instances the sexual misconduct occurred in the dwelling in which Smith and the female resided. The trial court was authorized under these circumstances to admit the niece's testimony as evidence of Smith's state of mind, intent, and course of conduct. See *Jackson v. State*, 198 Ga. App. 447, 448 (402 SE2d 279) (1991); see also *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988); *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989).

."The independent crimes were sufficiently similar to the offenses charged so that proof of the former tended to establish intent or bent of mind to commit the crime for which defendant was on trial. The requisite similarity between the incidents depends on the purpose for which the evidence is being presented. . . . Generally when similar transactions are being introduced to prove such issues as bent of mind, motive or intent, less similarity need be shown than when identity is sought to be proved thereby." (Citations and punctuation omitted.) *Hargrove*, supra at 856. Further, "the exception to the general rule that evidence of independent crimes is inadmissible has been more liberally extended in the area of sexual offenses." (Citations and punctuation omitted.) *Hill v. State*, 183 Ga. App. 404, 406 (359 SE2d 190) (1987). The evidence here was introduced for a limited purpose; the trial court gave appropriate limiting instructions both before the evidence was introduced and in its closing charge. Accordingly, no error appears. *Terry v. State*, 259 Ga. 165, 169 (1) (377 SE2d 837)

(1989); *Daniel v. State*, 194 Ga. App. 495 (1) (391 SE2d 128) (1990).

2. In his second enumeration of error, Smith argues that the trial court erred in not allowing an expert witness, a clinical psychologist, to testify regarding the results of tests administered to Smith, which indicated that Smith had not exhibited behavior typical of a child molester. Citing *Holsey v. State*, 199 Ga. App. 782, 784 (7) (406 SE2d 127) (1991), and *Hall v. State*, 201 Ga. App. 626 (2) (411 SE2d 777) (1991), Smith contends that the expert would not have testified regarding the ultimate issue in the case, but that he would have testified as to whether Smith's behavior was that typically displayed by a molester.

Smith's arguments here were resolved adversely to him in *Jennette v. State*, 197 Ga. App. 580, 581 (3) (398 SE2d 734) (1990), and the rationale of that case applies here. "The profile testimony sought to be introduced by appellant goes to the credibility and believability of appellant's own testimony that he did not commit the acts charged and further speaks to the ultimate fact of whether appellant committed those acts. From the extensive testimony and cross-examination of the various witnesses at trial, the jury, without the help of expert opinion, could have determined the credibility and truthfulness of all the witnesses and could have formed independent opinions as to the victims' truthfulness and the appellant's capability of performing the acts he was accused of. These determinations did not involve 'unique and mysterious areas of human response' necessitating expert testimony. This enumeration is without merit." *Jennette*, supra at 582-583.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The admissibility of evidence of independent transactions must be measured by a three-part test, not simply the "two-prong test" which did not include purpose. The similarity of the independent transaction to the incident on trial and the commonality of the perpetrator of the independent transaction to the defendant on trial are two prongs. But first the State must show that the evidence addresses "some appropriate purpose." *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). By purpose is meant that the evidence will shed light on some issue in the case, such as identity of the perpetrator or the perpetrator's intent in committing the act. *Johnson v. State*, 199 Ga. App. 144 (404 SE2d 455) (1991) (Beasley, J., concurring specially).

Appellant does not challenge the evidence in this regard, even though the State did not designate and the court did not specifically charge the jury what issues existed in the case which would be served

by this evidence. Before the testimony was given, the court charged that such evidence is admitted "solely and only under the provision of law that where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, course of conduct, identity or other matters dependent upon a person's state of mind are involved as material elements in the offense . . . evidence of the defendant's conduct with reference to similar transactions about the same time is admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved. . . ."

In the final charge, the court essentially repeated the above but added that such evidence "is admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate it, and for that purpose alone. You are not to consider it for any other purpose."

This general and somewhat inconsistent charge does little to limit the jury's consideration of the independent transaction evidence or to identify the contested issue in the case or the element of the crime which the evidence enlightens. Knowledge, good or bad faith, and identity were not issues, for example. On appeal, the state maintains that this evidence tends to establish appellant's "bent of mind and course of conduct."

But appellant does not target this aspect of the test of admissibility. Instead, he argues that the two transactions are not sufficiently similar. With respect to that, I agree with the majority.

I concur in Division 2.

DECIDED NOVEMBER 17, 1992 —
RECONSIDERATION DENIED DECEMBER 2, 1992

*Pruitt & Britt, Glyndon C. Pruitt*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.