■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIOS, Appellant. [624 NYS2d 459] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered December 8, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt *(see,* Penal Law § 125.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant was convicted of killing his son Ezekiel. Contrary to the defendant's contention, the trial court properly admitted evidence of the defendant's prior conviction for assaulting his other son, Norberto. Such proof was admissible to establish the defendant's intent and to rebut his contention that Ezekiel's death was accidental *(see, People v Henson,* 33 NY2d 63; *People v Sims,* 110 AD2d 214).

The defendant was provided with meaningful representation *(see, People v Ellis,* 81 NY2d 854; *People v Baldi,* 54 NY2d 137). Defense counsel's brief summation, by itself, did not deprive the defendant of the effective assistance of counsel *(see, People v Abdullah,* 100 AD2d 550, *cert denied* 474 US 919).

The defendant's right to be present at a material stage of the trial was not violated by the defendant's removal from the courtroom prior to the polling of the jury. The defendant forfeited his right to be present because he continued to engage in disruptive behavior after he had been adequately warned by the trial court, outside of the jury's presence, that he would be removed if he continued to engage in such conduct *(see, People v Byrnes,* 33 NY2d 343; *People v Brooks,* 184 AD2d 274). Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.