## A92A2429. SCOTT v. THE STATE.
### (427 SE2d 832)

JOHNSON, Judge.

Carl Andre Scott appeals from his convictions of aggravated sodomy, aggravated child molestation, rape and child molestation. Scott argues that the court erred in denying his motion for a new trial based on insufficient evidence because of conflicts in the testimony.

"It is the function of the jury to determine the credibility of the witnesses. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict." (Citation and punctuation

omitted.) *Hargrove v. State*, 202 Ga. App. 854, 857 (3) (415 SE2d 708) (1992). The State presented Scott's thirteen-year-old daughter, who testified that Scott had molested her for approximately six years, starting when she was six years old. She testified that on numerous occasions her father forced her to engage in sexual intercourse and oral sex with him. A police detective, the victim's mother, the victim's friend and the friend's aunt all testified that the victim told them that Scott had molested her. A doctor specializing in the diagnosis and treatment of sexual abuse victims testified that she examined the victim, that the victim's vagina showed evidence of penile penetration and that the victim had a vaginal discharge containing a bacteria that primarily results from sexual activity. A child therapist testified that the victim's behavior was consistent with the child sexual abuse accommodation syndrome.

Scott presented a pediatric nurse who testified that her examination of the 12-year-old victim showed that it was unlikely that there had been any penile penetration of her vagina. The victim's brother testified that his sister lied and that she had never told him about any abuse by their father. Scott's sister-in-law testified that the victim said that she had been molested by someone, but denied that it had been her father. Scott denied that he ever molested his daughter.

Reviewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Scott guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Scott's motion for a new trial.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 10, 1993.

*Michael M. Sheffield*, for appellant.
*Robert E. Wilson, District Attorney, Elizabeth W. Morn, Anne G. Maseth, Robert M. Coker, Assistant District Attorneys*, for appellee.