### 77551. JOLLEY v. THE STATE.
#### (375 SE2d 903)

Banke, Presiding Judge.

The appellant was indicted for criminal attempt to commit theft, obstruction of an officer (two counts), simple battery (two counts), and public drunkenness. A jury acquitted him on the public drunkenness count and one of the battery counts but found him guilty on the other battery count and guilty but mentally ill on the criminal attempt and obstruction counts. The evidence introduced at trial showed that the appellant had attempted to drive an automobile off the lot of an automobile dealership without authority and had thereafter forcibly resisted attempts by law-enforcement officers to take him into custody. *Held*:

1. During the trial, one of the arresting officers testified on cross-examination that upon being arrested the appellant had stated that "he hadn't done nothin', he wasn't goin'." Subsequently, the appellant moved for a mistrial on the ground that the content of this exculpatory statement had not been disclosed to him prior to trial in response to a *Brady* motion which he had filed. The denial of this motion is enumerated as error on appeal.

"The '(d)efendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* Rule.' *Potts v. State*, 241 Ga. 67, 74 (243 SE2d 510) (1978). Here, the exculpatory information was not withheld from the jury. The complaint is that it was not furnished in response to a discovery request. How has the failure to furnish the defendant the evidence in advance of trial impaired his defense? It has not been shown. If it is defendant's contention that additional time for investigation would have enhanced his defense, the proper motion would have been for an adequate recess, not mistrial." *Wallin v. State*, 248 Ga. 29, 33-4 (279 SE2d 687) (1981). It follows that this enumeration of error is without merit.

2. The appellant contends that his ability to present a defense on the obstruction counts was prejudiced by the trial court's denial of his motion for directed verdict on the public drunkenness count. However, inasmuch as the jury determined that the appellant was not guilty of public drunkenness, we must conclude that even if the ap-

pellant was entitled to a directed verdict on this count, the failure to grant one was harmless.

3. The appellant contends that the trial court erred in overruling his motion for mistrial made in response to the following closing argument by the state's attorney: "They used only the forces (sic) reasonably necessary. Who could say that if they had pulled their service revolvers and shot the defendant after he knocked them down on the parking lot in order to prevent him from walking away, who is to say that that would be unreasonable?"

Although the appellant did interpose an objection to this argument, his assertion that he moved for a mistrial on the basis of it is not supported by the transcript. In response to the appellant's objection, the trial court instructed the jury as follows: "Well, that's not an issue in this case, ladies and gentlemen of the jury, it's just given as an illustration. It may or may not be correct rule of the law, but it's not in this case. You apply the law that I give you in charge to this case, and something one of the attorneys may say in their closing statements, remember, is not evidence in the case." The appellant did not challenge the adequacy of these curative instructions, nor did he request any additional curative instructions. Consequently, this enumeration of error presents nothing for review. See *Whitaker v. State*, 246 Ga. 163 (269 SE2d 436) (1980).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1988.

*Richard Thurman*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.