A89A0894. WILTSHIRE et al. v. THE STATE.
(382 SE2d 166)

DEEN, Presiding Judge.

Wayne Labron Cox and Anthony Wiltshire were convicted of trafficking in cocaine. On appeal they claim that trial counsel was ineffective, and that the trial court erred in its charge on constructive possession.

1. "There is a strong presumption that representation has been effective. [Cit.] Errors in judgment and tactical errors do not establish ineffective assistance [of counsel]. [Cit.]" *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485) (1986). The effectiveness of counsel is not determined by looking at isolated trial errors, but rather by an examination of the totality of the circumstances. *Dansby v. State*, 165 Ga. App. 41, 43 (299 SE2d 579) (1983).

We have reviewed the entire record and transcript and find that trial counsel rendered reasonably effective assistance by cross-examining witnesses, making objections and presenting witnesses for the defense. There was no necessity for filing a motion to suppress as contended by appellants because the evidence was seized from an automobile which did not belong to either of them and it was in plain view. Whether to present additional defense witnesses was a trial tactic. Appellants do not say what additional jury charges should have been requested and the transcript shows that the court gave a full and complete charge. Failure to move for a directed verdict was not error because the State made out a prima facie case.

To justify a reversal for ineffective assistance of counsel, appellants must show: (1) counsel's performance was not reasonably effective, and (2) that the outcome of the trial would have been different but for counsel's unprofessional efforts. *Brogdon v. State*, 255 Ga. 64, 67 (335 SE2d 383) (1985). Appellants have not met this test.

2. OCGA § 16-13-31 (a) required "actual" possession of cocaine prior to March 28, 1988. In 1988, the Georgia Legislature deleted the word "actual" from the statute and this version became effective on March 28, 1988. The crime in question was committed on May 6, 1988. The trial court therefore did not err in charging on constructive possession.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 3, 1989.

*Murray M. Silver*, for appellants.
*Lewis R. Slaton, District Attorney, Linda S. Finley, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.