A90A1228. REEVES v. THE STATE.
(397 SE2d 601)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with two counts of child molestation and one count of aggravated assault. Upon the trial of the case, the jury returned a verdict of not guilty as to Count 1 of the indictment, charging the offense of child molestation, and guilty of the remaining charges of child molestation (Count 2) and of aggravated assault (Count 3). Defendant appeals and enumerates as error the denial of his motion to suppress and the denial of his motion for directed verdict as to the offense charged in Count 1 of the indictment. *Held*:

1. The motion to suppress sought to exclude evidence found during a search of defendant's home. Defendant concedes that the search warrant affidavit provides ample probable cause to believe that he molested the victim and that knives had been used to threaten the child. However, defendant contends that there was no basis upon which to believe the knives were on the premises sought to be searched. It is true that the affidavit, which was the sole basis for the search warrant since no further evidence was provided to the magistrate, does not mention the knives in connection with defendant's home. Indeed, the affidavit does not reveal where the alleged acts of

child molestation occurred.

Nonetheless, under appropriate circumstances it is reasonable to infer that items will be found in a specific place. Regardless of where the alleged acts of child molestation occurred it is reasonable to expect that defendant would thereafter go to his home taking the knives with him and that he would then leave the knives there. Such an inference is no more than a recognition of the continuing utility of the knives and of the fact that since possession of the knives was not illegal, there being no evidence showing possession being illegal, there would be no reluctance anticipated to holding them at the location where most personal items are stored, that is, at one's home. There was probable cause for issuance of the warrant. *Murphy* v. *State*, 238 Ga. 725, 726 (1), 727, 728 (234 SE2d 911).

Defendant's reliance upon *Kelleher v. State*, 185 Ga. App. 774, 777 (1) (365 SE2d 889), is unfounded. This two-judge case is not binding precedent and is also distinguishable on the facts since it involved contraband.

Nor was there any lack of probable cause due to staleness. While there had been an 11-month interval between the date of the alleged acts of child molestation and the affidavit, a consideration of all of the facts and circumstances supports the magistrate's conclusion that there was probable cause to believe the knives remained at defendant's home. The affidavit showed that the alleged crimes were a manifestation of a long term pattern of conduct on the part of defendant towards adolescent males. The knives were non-perishable, non-consumable items which were legally possessed and of continuing utility to defendant. The lapse of time did not prevent a conclusion that there was probable cause to believe that such permanent possessions would be found in defendant's home. *Tuzman v. State*, 145 Ga. App. 761, 764 (2), 765 (244 SE2d 882).

The search warrant affidavit also related statements made by defendant's adopted son and by a third young male, J. C. The adopted son's statement accused defendant of prior acts of child molestation and the statement of J. C. related seeing defendant and his adopted son sleeping nude together. Defendant contends the affidavit omitted material statements and information which were needed by the magistrate to assess whether there was a probable cause basis for the issuance of a search warrant.

Defendant relies upon the affiant's knowledge that the defendant's adopted son had a substantial psychiatric history and had previously testified under oath that defendant had never abused him sexually. As to the related statement of J. C., the allegedly material omission was that the observation of defendant and his adopted son had occurred two or three years prior to the date of the affidavit. However, the affiant testified at the motion to suppress hearing that

when he interviewed the adopted son, he was told that the earlier statement was made from fear of defendant, and testified that his observation of the demeanor of the young man suggested he was truthful. The affiant also testified that he did not intentionally leave out anything that he felt the magistrate should know about.

The trial court determined that there was no violation of the standard set out in *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667), that is, that defendant had failed to sustain his allegation of misconduct on the affiant's part. As this finding was authorized by the evidence, the omitted material was not required to be included in the affidavit. *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640); *Hayes v. State*, 182 Ga. App. 319 (1) (355 SE2d 700). The trial court did not err in denying defendant's motion to suppress.

2. Inasmuch as the jury determined that defendant was not guilty of the offense charged in Count 1 of the indictment, any error in the denial of defendant's motion for directed verdict as to Count 1 was harmless. *Jolley v. State*, 189 Ga. App. 450 (2) (375 SE2d 903); *Henderson v. State*, 134 Ga. App. 898 (1) (216 SE2d 696).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur in Division 2 and in the judgment.*

DECIDED SEPTEMBER 28, 1990.

*The Garland Firm, Donald F. Samuel*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.