A97A1867. SMITH v. THE STATE.
(492 SE2d 271)

BLACKBURN, Judge.

A jury convicted Darron Smith of rape, statutory rape, child molestation, and enticing a child for indecent purposes. On appeal, he contends that his conviction must be reversed because his character was improperly placed into evidence and the trial court erred in charging the jury. For the reasons set forth below, we affirm the conviction.

1. Smith claims that the testimony of a ten-year-old witness improperly placed his character into evidence. This child, who was

not a victim of the crimes charged, testified that Smith was drunk on the night in question. Smith objected to this testimony, and a conference was held outside the jury's presence. The trial court ruled that the witness was incompetent to evaluate Smith's inebriation and limited the State's inquiry on this issue to whether the witness had smelled alcohol on Smith's person. After the trial court instructed the jury to disregard the witness' comments regarding Smith's intoxication, the witness testified that she had not smelled alcohol on Smith. Smith at no time made a motion for mistrial and did not object following the judge's curative instructions.

"[T]he trial court's . . . ruling sustained defendant's [objection] and . . . [struck] that testimony which had been presented before the jury. There was no further objection or other request for action following this ruling and the curative instructions. Under these circumstances there is nothing preserved for appellate review." *Apperson v. State*, 225 Ga. App. 804 (484 SE2d 739) (1997). See also *Jolley v. State*, 189 Ga. App. 450, 451 (3) (375 SE2d 903) (1988). Furthermore, "[t]his is not a case where the statement was so prejudicial that no instruction of the trial court could eradicate the statement from the jurors' minds. Accordingly, no reversible error exists." (Citation omitted.) *Tidwell v. State*, 219 Ga. App. 233, 237 (4) (464 SE2d 834) (1995).

2. Smith claims that the trial court improperly charged the jury on voluntary intoxication. He argues that because the testimony regarding his drunkenness was struck and because the witness testified that she did not smell alcohol on his person, the evidence did not support a charge on voluntary intoxication. The record indicates that the court gave this charge on its own motion, and Smith objected to the charge at trial.

Smith is correct that the evidence did not support such a charge. However, "[a]lthough there is no evidence that defendant was intoxicated, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. We do not find the charge harmful or prejudicial under the evidence presented, and this enumeration of error is without merit." (Citation and punctuation omitted.) *Thurston v. State*, 186 Ga. App. 881, 882 (2) (368 SE2d 822) (1988) (no error where court incorrectly charged voluntary intoxication despite lack of evidence that defendant was intoxicated or had consumed alcohol).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 12, 1997.

*Paige A. Pastor*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jacqueline S. Hardy, Lee Anne Mangone, Priscilla N. Carroll, Assistant District Attorneys*, for appellee.