**STATE of Missouri, Plaintiff–Appellant,**

v.

**Fred T. PATTIE, Defendant–Respondent.**

**No. ED 78323.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2001.

Application to Transfer Denied
May 29, 2001.

Stephen P. Gray, Pros. Atty., Marble Hill, MO, for appellant.

Scott D. Reynolds, Cape Girardeau, MO, for respondent.

MOONEY, Presiding Judge.

The State of Missouri filed an interlocutory appeal from the trial court's order granting defendant's motion to suppress evidence and quash a search warrant executed upon his residence. According to the State, the trial court erred in suppressing evidence obtained from a search warrant and in quashing such warrant because: (1) sufficient probable cause had been stated in affidavits for the issuing judge to determine that child pornography would be found on defendant's premises subject to the search warrant; and (2) even if sufficient probable cause was not stated in the search warrant affidavits, the good-faith exception to the exclusionary rule applies here because the affidavits relied on were not based on stale information. We reverse and remand.

On April 11, 2000, the Bollinger County Prosecuting Attorney applied for a search warrant for defendant's residence. The search-warrant application, which sought "videotapes, photographs, digital images and films depicting images of minors performing sexual acts," was supported by two affidavits. The first affidavit, given by Elizabeth Nunn, stated that some thirteen months before, in March 1999, she "... observed a videotape of [defendant's niece], who was thirteen (13) years old at that time, and she was naked and using a banana to masturbate and make a show. [Defendant's niece] was present during the showing of the tape and said that she had made the tape for a boyfriend." Ms. Nunn's affidavit further claimed that the tape was made at defendant's trailer and although he cannot be seen on the tape, his voice could be heard in the background giving directions to his niece.

The second affidavit from Tim Riggs, a Captain with the Marble Hill Police Department, stated that some seven months before, on September 12, 1999, he searched defendant's truck for drug paraphernalia and instead found condoms, "KY" lubricating jelly, at least two boxes of douches, and packages of film for a polaroid camera, which defendant explained belonged to his girlfriend. According to Officer Riggs's affidavit, however, defendant has never been observed around town with a girlfriend, only with his niece.

Based upon the affidavits of Ms. Nunn and Officer Riggs, a search warrant was issued and executed on April 11, 2000. During the search, several videotapes were seized that included graphic depictions of

defendant engaging in various sexual acts with his niece. As a result of the items seized during the search, defendant was charged with multiple counts of statutory rape, statutory sodomy, one count of attempted statutory sodomy, and counts related to the use of a child in a sexual performance and child pornography. Defendant later filed a motion to suppress the evidence, arguing that the search warrant affidavits had not stated sufficient probable cause to support the issuance of the warrant. The trial court granted defendant's motion to suppress and quash the search warrant because the affidavits were based on stale information. The State filed this interlocutory appeal.

■ The State sets forth two allegations of error on appeal, claiming first that the trial court erred in suppressing evidence and quashing the search warrant because sufficient probable cause did exist to issue such warrant, and second that, even if sufficient probable cause did not exist, the good-faith exception to the exclusionary rule applies. Because we find the State's latter claim of error dispositive, we need not address whether sufficient probable cause existed to issue the search warrant. See U.S. v. Craig, 861 F.2d 818, 821 (5th Cir.1988).

According to the State, the trial court erred in suppressing evidence and quashing the search warrant because the good-faith exception to the exclusionary rule applies in that the affidavits of Ms. Nunn and Officer Riggs were not stale and therefore, not so lacking in indicia of probable cause that official belief in the existence of probable cause was unreasonable. We agree.

■ The Fourth Amendment states that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no War-rants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." However, because the Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands, the exclusionary rule was created as a judicially created remedy to safeguard against future Fourth Amendment violations through the suppression of illegally obtained information. Arizona v. Evans, 514 U.S. 1, 115 S.Ct. 1185, 1191, 131 L.Ed.2d 34 (1995). However, where the exclusionary rule does not achieve its desired result of appreciable deterrence, then its use is clearly unwarranted. Id.

■ The Supreme Court has held that evidence, which might otherwise be subject to suppression under the exclusionary rule, is admissible where law enforcement officers conducting the search acted in an objectively reasonable reliance on the warrant issued by a neutral and detached magistrate. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Because we encourage law enforcement officers to obtain warrants before conducting searches, it would be inappropriate for us to undermine such encouragement by requiring the second-guessing of a magistrate's determination. See Craig, 861 F.2d at 823. However, an officer will not be able to claim objective good faith and the suppression of evidence is still appropriate where the warrant is based on an affidavit that is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Id. at 923, 104 S.Ct. 3405.

■ The trial court found that the warrant was based on an affidavit so lacking in indicia of probable cause as to ren-

der official belief in its existence entirely unreasonable, and therefore, concluded that the good-faith exception did not apply to the current situation. Like the determination of probable cause, "the determination of good faith will ordinarily depend on an examination of the affidavit by the reviewing court." *United States v. Gant,* 759 F.2d 484, 487–488 (5th Cir.1985). In reviewing such affidavits, we must consider the nature of the evidence sought to determine whether the facts alleged in an affidavit are so dated that no reasonable officer could have believed that the affidavit established probable cause to search a home. *United States v. Freeman,* 685 F.2d 942, 951–952 (5th Cir.1982). However, the likelihood that evidence sought is still in place is a function not of a watch or calendar, but of the character of the crime, of the criminal, of the thing seized or of the place searched. *Andresen v. State of Maryland,* 24 Md.App. 128, 331 A.2d 78, 106 (1975). As such, courts have been more tolerant of dated allegations when the evidence sought is of the sort that can reasonably be expected to be kept for long periods of time in the place to be searched. *Craig,* 861 F.2d at 823; *see also United States v. Lacy,* 119 F.3d 742 (9th Cir.1997) (a ten-month delay was approved in a case involving child pornography); *State v. Woodcock,* 407 N.W.2d 603 (Iowa 1987) (evidence with respect to pedophile group's abuse of minors, eighteen months after the fact, was allowed); *Reeves v. State,* 197 Ga.App. 107, 397 S.E.2d 601 (1990) (an eleven-month delay for knives used in child molestation case was upheld).

■ Here, we find that Ms. Nunn and Officer Riggs's affidavits are not so lacking in indicia of probable cause as to render unreasonable an official belief in the existence of probable cause. Thus, the trial court erred in granting defendant's motion to suppress and quashing the search warrant. Ms. Nunn's affidavit states that she viewed several minutes of a videotape containing child pornography involving defendant's niece in which defendant was operating the video camera and giving directions to his niece. Such a highly explicit pornographic videotape is precisely the type of evidence that one can expect to be kept for a long period of time at defendant's home. In fact, the recording and possession of such pornographic material, which is highly illegal and carries severe criminal penalties, was clearly made solely for the purpose of repeated viewing and self-gratification and not likely to be quickly destroyed or distributed. *See Woodcock,* 407 N.W.2d at 605 (distinguishes between theft or robbery cases and those involving pornographic material). Moreover, such tapes are easily distinguishable from evidence which is not kept for long periods of time, such as drugs that are likely to be quickly consumed or distributed for sale. *Cf. United States v. Allen,* 168 F.3d 293 (6th Cir.1999) (information was stale when affiant saw cocaine in defendant's possession 72 hours earlier).

We recognize the differences between such evidence and realize that "the hare and tortoise do not disappear at the same rate." *Andresen,* 331 A.2d at 106. In this case, the defendant is likely to retain the videotape not only because he desires to repeatedly view it, but also because if he gave it to another or involved another in its destruction, he risks incrimination of grave crimes. Here, the warrant's snare was for the tortoise, not the hare.

We reverse and remand for further proceedings consistent with this opinion.

SIMON, J., and SULLIVAN, J., concur.