## A08A0149. MILLER v. THE STATE.

(665 SE2d 692)

MIKELL, Judge.

Greg Miller was charged with two counts of cruelty to children and family violence battery in connection with an incident that occurred on April 9, 2004. After a jury trial, Miller was acquitted of one count of cruelty to children and convicted of simple battery as a lesser included offense of family violence battery. The state nolle prossed the remaining cruelty to children charge. Miller was sentenced to 12 months to serve in jail, which sentence was suspended upon his completion of a drug program.[1] On appeal, Miller raises three errors: (1) the trial court improperly commented upon the evidence; (2) trial counsel's failure to object to hearsay evidence that Miller was "drunk" during the incident constituted ineffective assistance of counsel; and (3) the trial court erred by instructing the jury that it should determine whether Miller was voluntarily intoxicated. We affirm.

Viewed in support of the verdict, the evidence shows that on the evening in question, Miller went to the home of Wintress Goodrum, the mother of his son, D. G., after arguing with her on the telephone about the paternity of the child she carried at that time.[2] According to Goodrum, she heard Miller enter the house but did not see him until she went to D. G.'s bedroom where Miller was spanking D. G. because he had destroyed his room. Goodrum testified that she entered the room because D. G. was crying and screamed at Miller to leave him alone. Goodrum admitted that she wanted D. G. punished for messing up his room but was too tired to deal with him on her own and that she yelled at Miller because she was angry with him and suspected that he had been with another woman.

Goodrum did not know if Miller hit D. G. with his hand or a belt but did testify that Miller had a belt around his neck. She testified that she pulled on Miller's arm in D. G.'s room because Miller was yelling that he did not want to be with her anymore and that she fell over some items on the floor. Goodrum testified that Miller never hit her. However, once she fell to the floor, her daughter assumed that Miller had hit Goodrum and chased Miller out of the house with a knife. Goodrum testified that she yelled at her daughter and that Miller knocked the knife from the daughter's hand before he left.

---

[1] After learning that Miller was placed on a waiting list for the drug program, the court modified his sentence to twelve months to serve six months, reduced to the time already served, with the remaining six months to be served on probation. Miller was also ordered to have no contact with the victim or any of his children.

[2] Goodrum miscarried that child but at the time of trial, she and Miller had an eight-week-old baby.

Goodrum testified that she called 911 because she was angry with Miller because he told her that he no longer wanted to be with her. Goodrum admitted that she told the 911 operator that Miller had hit her, that he threw D. G. into some walls, and that Miller punched her and her daughter in their faces. When the police officer arrived, Goodrum showed him the red, swollen bruise on D. G.'s back, but the police determined that no medical attention was necessary for D. G. or for Goodrum. Goodrum also testified that she had called the police to her home twice before when Miller had hit her; once when he punched her in the stomach while she was pregnant and lying in bed, and another time, when he threw the phone, which hit her in the back; that she and Miller had threatened to kill each other, but he had never threatened her with a weapon; that she did not think that Miller should go to jail for disciplining his son; and that she did not want the case prosecuted because it had been blown out of proportion because of her false statements.

Goodrum acknowledged that when she met with the district attorney, she said that Miller hit her because she was angry and jealous. Goodrum further testified that she and Miller had an eight-week-old baby; that Miller gave her money; and that things would be difficult if she no longer received money from him.

D. G. testified that Miller whipped him because he messed up his room, hitting him with a belt on his clothed back. D. G. further testified that he lied to the prosecutor when he said that Miller picked him up and threw him on the bed, causing the bed to break. When asked why he lied, D. G. replied that he was angry with his father. D. G. testified that when his mother came into the room, Miller kept telling her to move because he was trying to leave but that Miller did not hit his mother or anyone else in the house. However, D. G. admitted that he told the prosecutor previously that Miller hit his mom.

Officer Zachery Kronenberger testified that he responded to a domestic disturbance call on the date in question; that Goodrum told him that Miller assaulted her and her children, leaving a three-inch welt on her son's back; that he saw the welt on D. G.'s back; and that Goodrum told him that Miller struck her in the face with a closed fist and hit her daughter in the chest. The state also called Officer E. C. Stubbs as a witness, who testified that he was the officer who responded to Goodrum's call to 911 in March 2004, when she reported that Miller struck her in the stomach and on her legs with his fist. On cross-examination, Officer Stubbs testified that he observed no bruises on Goodrum.

1. Miller argues that the trial court improperly commented upon the evidence during defense counsel's closing argument in violation of OCGA § 17-8-57, which prohibits a judge in a criminal case from

expressing or intimating an opinion as to "what has or has not been proved or as to the guilt of the accused." At issue is the following exchange:

> Counsel: Mr. Miller was being a parent. He works full time. He's on the road 12 hours every day.
> Court: Mr. Rowe, please don't testify.
> Counsel: He works full time.
> Court: Mr. Rowe, please don't testify. Approach. Mr. Lush, approach.

A side bar bench conference was held, and the court instructed the jury to disregard the last statements made by defense counsel. Miller argues that the trial court's comments were an attempt to have the jury disregard evidence that Miller was gainfully employed.

"Because [Miller] failed at trial to object or move for a mistrial, [he] has waived his right to complain on appeal."[3] We do, however, apply a "plain error" standard to comments by a trial judge that violate OCGA § 17-8-57, despite the waiver of the issue, and will reverse a conviction only where the comments at issue "seriously affected the fairness, integrity, and public reputation of [the] judicial proceedings."[4] The comments challenged here did not meet that standard.

2. Miller contends that trial counsel rendered ineffective assistance because he failed to object to hearsay evidence that Miller had been drunk.

> To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. The trial court's determination that [Miller] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous.[5]

---

[3] *Walker v. State*, 282 Ga. 774, 776 (4) (653 SE2d 439) (2007). Even if Miller had objected, we cannot conclude that the trial court's comments expressed an opinion as to what had or had not been proved or as to Miller's guilt.

[4] (Citation and punctuation omitted.) *Paul v. State*, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000). See also *Carruth v. State*, 286 Ga. App. 431, 434-435 (3) (649 SE2d 557) (2007).

[5] (Citation omitted.) *Leonard v. State*, 279 Ga. App. 192, 194 (2) (630 SE2d 804) (2006).

Lara Falberg, the victim witness coordinator in the crimes against children unit of the DeKalb County District Attorney's office, testified that Goodrum told her that Miller was drunk on the night of the incident. At the motion for new trial hearing, trial counsel testified that the testimony was offered as a prior inconsistent statement of Goodrum. The trial court also concluded that the testimony was offered as a prior inconsistent statement.

We do not agree that the statement was admissible as a prior inconsistent statement because our examination of the transcript shows that the state failed to lay the proper foundation for admissibility of the testimony. OCGA § 24-9-83 provides:

> A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible.[6]

"It is not sufficient to ask merely whether the witness spoke to another person about a certain matter."[7] In this case, Goodrum was not asked at all about her statement to Falberg that Miller was drunk. Therefore, the state did not lay a proper foundation for the admission of the statement as a prior inconsistent statement.

Even if we concluded that counsel's failure to object constituted deficient performance, however, we do not find that Miller has shown that the outcome of the trial would have been different but for counsel's error. Miller was convicted of simple battery as a lesser included offense of family violence battery. Count 2 of the indictment charged that he "intentionally caused visible bodily harm, to wit swelling to the face of Wintress Goodrum, with whom he use [sic] to live in the same household, by hitting her with his hand in violation of OCGA § 16-5-23.1." Where the defendant is charged with intentionally causing visible bodily harm and the State does not prove that the harm was visible, the defendant can be convicted of simple battery as a lesser included offense.[8]

Goodrum admitted that she told the 911 operator that Miller punched her in the face, even though she denied that he did so when she testified at trial. The responding officer also testified that

---

[6] See also *Cummings v. State*, 280 Ga. 831, 833 (3) (632 SE2d 152) (2006).

[7] (Citations omitted.) *Hawkins v. State*, 195 Ga. App. 739, 740 (4) (395 SE2d 251) (1990).

[8] See *Ross v. State*, 214 Ga. App. 385 (448 SE2d 52) (1994).

Goodrum told him that Miller struck her in the face with a closed fist.

> [T]he jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. This is true even in cases in which the victim recants her previous accusation against the defendant. The reason for this rule is that a victim's prior inconsistent statements are admissible as substantive evidence for the jury's consideration. Thus, a jury is authorized to believe the victim's pre-trial statements rather than her in-court disavowal.[9]

In this case, a rational trier of fact could have concluded that Goodrum recanted her statements because of her relationship with Miller, including the fact that they had another child together and that he provided financial support to her, and thus, could have chosen to believe Goodrum's statements that Miller struck her in the face. Thus, Miller has not shown how the omission of a passing reference that he was drunk would have somehow resulted in the jury's believing that he was innocent. Consequently, Miller cannot show that but for counsel's error, the outcome of the case would have been different, and his claim of ineffectiveness of counsel fails.

3. In his final enumeration of error, Miller argues that the trial court erred when it charged over objection that "[w]hether or not the defendant in this case was voluntarily intoxicated at or during the time alleged in this indictment is a matter for you, the jury, to determine[,]" because there was no evidence to support the charge. During the charge conference, the evidence offered to support the aptness of the charge was Falberg's testimony that Goodrum said that Miller was drunk. As discussed in Division 2, supra, Falberg's testimony was inadmissible hearsay and should not have been admitted. However, despite the error in giving the charge, we do not find that the charge was either harmful or prejudicial under the evidence presented.[10] Accordingly, this enumerated error does not warrant reversal of Miller's conviction.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[9] (Citations and punctuation omitted.) *Andrews v. State*, 275 Ga. App. 426, 429 (1) (620 SE2d 629) (2005).

[10] *Cochran v. State*, 276 Ga. App. 840, 841 (625 SE2d 9) (2005). See also *Smith v. State*, 228 Ga. App. 507 (2) (492 SE2d 271) (1997) (no harm caused by charge on voluntary intoxication where testimony regarding defendant's drunkenness was struck and witness testified she smelled no alcohol).

DECIDED MAY 2, 2008 —
RECONSIDERATION DENIED JULY 10, 2008 — 

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.