## S08G1952. MILLER v. THE STATE.
### (676 SE2d 173)

THOMPSON, Justice.

Following his conviction for simple battery, Greg Miller appealed to the Court of Appeals asserting, inter alia, that trial counsel rendered ineffective assistance because he failed to object to hearsay evidence that Miller was inebriated when he committed the crime. The Court of Appeals affirmed. *Miller v. State*, 292 Ga. App. 636 (665 SE2d 692) (2008). In analyzing the ineffective assistance of counsel claim, the court held that even if trial counsel's failure to object to the evidence constituted deficient performance, it was not prejudicial because Miller did not show "how the omission of a passing reference that he was drunk would have somehow resulted in the jury's believing that he was innocent." Id. at 640 (2). The court continued, "[c]onsequently, Miller cannot show that but for counsel's error, the outcome of the case would have been different." Id. We granted certiorari to the Court of Appeals and posed this question:

> Whether the Court of Appeals erred by applying an incorrect legal standard to determine prejudice under the second prong of the test for constitutionally ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

In *Strickland*, the Court established a standard by which to measure a claim of ineffective assistance of counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, supra 466 U. S. at 686. There are two components to the inquiry:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

> Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id. 466 U. S. at 687. The *Strickland* Court set forth the appropriate test for determining prejudice: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. 466 U. S. at 694.

This Court first applied the *Strickland* standards in *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). To establish the prejudice prong of *Strickland*, *Smith* requires a defendant to show "a reasonable probability sufficient to undermine confidence in the outcome that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." Id. at 784. See also *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985) (a defendant "must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors").

Over the years, our appellate courts have on occasion deviated from this standard by eliminating the "reasonable probability" language and requiring a defendant to show that but for counsel's error, the outcome of the case would have been different. The *Strickland* Court specifically noted that "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, supra 466 U. S. at 693. "[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. 466 U. S. at 695. Cases which have ignored the reasonable probability requirement of *Strickland* have placed a more stringent burden on the defendant — an unconditional showing that the defendant would have been acquitted had counsel not performed deficiently.

The error in *Miller* is traced back to *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000), in which the Court of Appeals misstated the *Strickland* standard by omitting the "reasonable probability" language. Compounding the error, the *Turner* court determined that even if Turner's counsel rendered ineffective assistance, he failed to show that it "prejudiced his cause or resulted in a different outcome at trial." Id. at 298. Our research shows that the incorrect statement of the prejudice prong of *Strickland* as set forth in *Turner* and reiterated in *Miller* has been perpetuated by the

Court of Appeals in numerous cases.[1] Our Court as well has been guilty of the omission. See *Fargason v. State*, 266 Ga. 463 (4) (467 SE2d 551) (1996) ("To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."). And the incomplete statement of law in *Fargason* has been followed by our Court of Appeals.[2] To the extent that these and any other cases eliminate or dilute the "reasonable probability" standard set forth in *Strickland*, they are disapproved and will not be followed.[3]

Accordingly, we hereby vacate the opinion of the Court of Appeals and remand the case for consideration of whether Miller was prejudiced by counsel's deficient performance applying the correct *Strickland* standard.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[1] See, e.g., *Jowers v. State*, 272 Ga. App. 614 (3) (613 SE2d 14) (2005); *Lemming v. State*, 272 Ga. App. 122 (2) (612 SE2d 495) (2005); *Wright v. State*, 265 Ga. App. 855 (1) (595 SE2d 664) (2004); *Wiltshire v. State*, 191 Ga. App. 426 (1) (382 SE2d 166) (1989); *McAlister v. State*, 204 Ga. App. 259 (2) (419 SE2d 64) (1992); *Champion v. State*, 238 Ga. App. 48 (1) (517 SE2d 595) (1999); *Glore v. State*, 241 Ga. App. 646 (3) (526 SE2d 630) (1999); *Minter v. State*, 245 Ga. App. 327 (6) (537 SE2d 769) (2000); *Lewis v. State*, 249 Ga. App. 812 (5) (b) (549 SE2d 732) (2001); *Prins v. State*, 246 Ga. App. 585 (5) (539 SE2d 236) (2000); *Johnson v. State*, 274 Ga. App. 69 (2) (616 SE2d 848) (2005); *In the Interest of F. C.*, 248 Ga. App. 675 (3) (549 SE2d 125) (2001); *Mahone v. State*, 247 Ga. App. 596 (2) (544 SE2d 514) (2001); *Peterson v. State*, 253 Ga. App. 390 (5) (559 SE2d 126) (2002); *Cortez v. State*, 253 Ga. App. 699 (6) (561 SE2d 142) (2002).

[2] See *Trimble v. State*, 274 Ga. App. 536 (2) (b) (618 SE2d 163) (2005); *Taylor v. State*, 270 Ga. App. 637 (1) (607 SE2d 163) (2004); *Shelley v. State*, 239 Ga. App. 841 (4) (521 SE2d 855) (1999); *Roberts v. State*, 229 Ga. App. 783 (494 SE2d 689) (1997).

[3] We further note that numerous other Court of Appeals cases have misstated the prejudice prong of *Strickland*, but have analyzed the issue by determining that counsel was not deficient under the first prong, or have gone on to analyze the prejudice issue correctly. These cases have not been included in our compendium.