## A08A0149. MILLER v. THE STATE.
### (686 SE2d 302)

MIKELL, Judge.

Greg Miller was charged with cruelty to children for maliciously causing cruel and excessive physical and mental pain to a child under the age of 18 and with family violence battery for intentionally causing visible bodily harm to Wintress Goodrum, with whom he had previously resided. A jury acquitted Miller of cruelty to children and convicted him of simple battery as a lesser included offense of family violence battery in connection with the offense against Goodrum. In *Miller v. State*,[1] we affirmed Miller's conviction.

This case makes its second appearance before this court on remand from our Supreme Court, which concluded in *Miller v. State*,[2] that we erroneously eliminated or diluted the "reasonable probability" standard of the prejudice prong set forth in the *Strickland*[3] test

---

[16] *Carr v. State*, 262 Ga. App. 676, 680 (2) (586 SE2d 337) (2003).

[1] 292 Ga. App. 636 (665 SE2d 692) (2008) ("*Miller I*").

[2] 285 Ga. 285 (676 SE2d 173) (2009) ("*Miller II*").

[3] *Strickland v. Washington*, 466 U. S. 668, 694 (104 SC 2052, 80 LE2d 674) (1984).

when evaluating Miller's ineffective assistance of counsel claim.[4] Consequently, *Miller II* vacated Division 2 of our opinion and remanded the case for further consideration of that issue.[5] Accordingly, our judgment in *Miller I* is vacated as to Division 2.

As stated in *Miller II*:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. There are two components to the inquiry: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. The *Strickland* Court set forth the appropriate test for determining prejudice: The defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[6]

In *Miller I*,[7] we did not utilize the "reasonable probability" language, concluding instead that Miller's claim of ineffectiveness failed because even assuming counsel's deficient performance, Miller had not shown that "but for counsel's error, the outcome of the case would have been different."[8] Applying the appropriate standard on remand, we again conclude that Miller's claim fails because of his inability to satisfy the prejudice prong of *Strickland*.

In *Miller I*, Miller argued that his trial counsel was ineffective because he failed to object to hearsay evidence.[9] The evidence at issue

---

[4] *Miller II*, supra at 287.

[5] Id.

[6] (Citations and punctuation omitted; emphasis supplied.) *Miller II*, supra at 285-286.

[7] Supra.

[8] Id. at 640 (2).

[9] Id. at 638 (2).

was admitted when Lara Falberg, the victim advocate involved in the case, testified that Goodrum told her that Miller was drunk on the night of the incident.[10] When Goodrum testified, she was not asked about this comment. At the hearing on the motion for new trial, trial counsel testified that he did not object to the testimony because he thought it was admissible as a prior inconsistent statement. In its order denying Miller's motion for new trial, the trial court agreed, concluding that the statement was admissible as a prior inconsistent statement.[11] We reiterate here our holding in *Miller I* that the statement was not admissible as a prior inconsistent statement.[12] But even assuming deficient performance of trial counsel, in order to prevail on his ineffectiveness claim, Miller had to show "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13] We conclude that Miller failed to show such a "reasonable probability" of prejudice.

The jury found Miller guilty of simple battery, which offense occurs when a person "intentionally makes physical contact of an insulting or provoking nature with the person of another"[14] or "[i]ntentionally causes physical harm to another."[15] Officer Zachery Kronenberger, who responded to the scene, testified that Goodrum told him that Miller struck her in the face with a closed fist, although he could not recall if he photographed Goodrum's face. Goodrum testified that because she was angry with Miller, she lied to the police when she told them that Miller punched her in the face. Goodrum also testified, however, that Miller had hit her before, and the testimony of the officer who responded to the earlier domestic violence incident supported her testimony in this regard.

Although there were inconsistencies in Goodrum's testimony,

---

[10] Id. at 639 (2).

[11] Id.

[12] OCGA § 24-9-83 provides:

"[a] witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible." It is not sufficient to ask merely whether the witness spoke to another person about a certain matter. In this case, Goodrum was not asked at all about her statement to Falberg that Miller was drunk. Therefore, the state did not lay a proper foundation for the admission of the statement as a prior inconsistent statement.

(Punctuation and footnotes omitted.) Id.

[13] (Citation omitted.) *Miller II*, supra at 286.

[14] (Citation and punctuation omitted.) *Lopez v. State*, 297 Ga. App. 618, 622 (2) (677 SE2d 776) (2009), citing OCGA § 16-5-23 (a) (1).

[15] OCGA § 16-5-23 (a) (2).

the jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. This is true even in cases in which the victim recants her previous accusation against the defendant. The reason for this rule is that a victim's prior inconsistent statements are admissible as substantive evidence for the jury's consideration. Thus, a jury is authorized to believe the victim's pre-trial statements rather than her in-court disavowal.[16]

In the instant case, the jury obviously believed Goodrum's pre-trial statements, and Miller has not shown how the omission of a passing reference that he was drunk would have somehow resulted in the jury's disbelieving Goodrum and believing instead that he was innocent. Therefore, we cannot conclude that there was a reasonable probability that the outcome of the case would have been different absent counsel's error. Accordingly, Miller's claim of ineffectiveness of counsel fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 28, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[16] (Citations and punctuation omitted.) *Andrews v. State*, 275 Ga. App. 426, 429 (1) (620 SE2d 629) (2005).